**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| SELLERS INGRAM, | : | Civil No. 10-1375 (NLH) |
|  | : |  |
| Plaintiffs, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| ATLANTIC COUNTY JUSTICE FAC. | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

**APPEARANCES:**

> SELLERS INGRAM, #01-181075, Plaintiff <u>Pro Se</u>
> Atlantic County Justice Facility
> 5060 Atlantic Avenue
> Mays Landing, NJ 08330

**HILLMAN**, District Judge:

Sellers Ingram, a prisoner incarcerated at Atlantic County Justice Facility, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  This Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and direct the Clerk to file the Complaint and Amended Complaint without prepayment of the filing fee.[1]  <u>See</u> 28 U.S.C. § 1915(a).  Having reviewed Plaintiff's allegations, this Court will dismiss the federal claims raised in the Complaint, without prejudice to the filing

---

[1] This Court denied Plaintiff's initial application as deficient for failure to include a certified prison account statement.  Plaintiff thereafter reapplied and submitted the required statement.

of an amended complaint, and decline to exercise supplemental jurisdiction over claims arising under state law.

## I.   BACKGROUND

Plaintiff brings this action against the Atlantic County Justice Facility.  He asserts the following facts:

> (Dec. 10, 2009)  The jail has no physical law library which prevents me from properly understanding the offenses that are against me.  Which in turn prevents m[e] from fighting my case.  The jail has Westlaw that send[s] me cases that don't pertain to me or are outdated.  The jail serves food that is cold & watered down.  The jail has me sleeping on the floor 13" away from the toilet.  The jail has not provided me with T-shirts, sox, underwear or shower shoes.  The jail is charging me $50 a month but isn't meeting minimum standards.  The commissary prices at the jail are too high, which is exploitation of prices.  The jail forced me into a cell with other detainees who weren't medically cleared, which put my health at risk.

(Docket Entry #3, pp. 2-3.)

Plaintiff seeks injunctive relief and one million dollars in damages.

## II.   STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua

sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . .  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555.  [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.  Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted).  [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [, i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the

> plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . .  It is the conclusory nature of [these] allegations . . . that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn [on] the discovery process.  Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint asserts some wrongs] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope of developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] which was applied to federal complaints before Twombly.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.

---

[2]  The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

Ct. at 1949.  To determine the sufficiency of a complaint under the pleading regime established by <u>Iqbal</u> and <u>Twombly</u>,

> a court must take three steps:  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." <u>Iqbal</u>, 129 S. Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  <u>Id.</u> at 1950.  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  <u>Id.</u>

<u>Santiago v. Warminster Township</u>, ___ F. 3d ___, 2010 WL 5071779 at *4 (3d Cir. Dec. 14, 2010); <u>see also</u> <u>Fowler</u>, 578 F.3d at 210-11 ("a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts") (emphasis supplied).  Although not expressly addressed in <u>Iqbal</u>, the Court assumes that even under the heightened pleading standard we should remain mindful that the sufficiency of a <u>pro se</u> pleading must be construed liberally in favor of the plaintiff.  See <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).  With these precepts in mind, the Court will determine whether any federal claim raised in the Complaint and Amended Complaint should be dismissed.

### III.  DISCUSSION

A.  Constitutional Violations

A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the

Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In this case, the sole named defendant is Atlantic County Justice Facility. A jail is not a person subject to suit for constitutional violations under § 1983. See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-894 (E.D.

6

Va. 1992).  Even if this Court were to consider the defendant to be Atlantic County, a local government entity which may be sued under § 1983, the claim would fail.  "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978).  To state a § 1983 claim against a municipality, the complaint "must identify a custom or policy, and specify what exactly that custom or policy was," McTernan v. City of York, PA, 564 F. 3d 636, 658 (3d Cir. 2009), and specify facts showing a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation, Jiminez v. All American Rathskeller, Inc., 503 F. 3d 247, 249 (3d Cir. 2007) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).  Moreover, "a single incident of police misbehavior by a single policeman is insufficient as *sole* support for an inference that a municipal policy or custom caused the incident."  Brown v. City of Pittsburgh, 586 F. 3d 263, 292 (3d Cir. 2009) (quoting City of Oklahoma City v. Tuttle, 471 U.S. 808, 832 (1985) (Brennan, J., concurring).

7

In this Complaint, Plaintiff does not assert facts supporting a conclusion that his constitutional rights were violated as a result of the execution of a policy or custom of Atlantic County.  As the Complaint names no other defendants, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.  However, because Plaintiff's allegations do not foreclose the possibility that Plaintiff may be able to assert facts stating a § 1983 claim, the dismissal is without prejudice to the filing of an amended complaint stating a cognizable § 1983 claim with respect to the conditions of confinement at the jail.[3]

B.  Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a),

---

[3] To state a claim under § 1983 against an individual, "plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."  Iqbal, 129 S. Ct. at 1948.

the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, since this Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV.  CONCLUSION

For the reasons set forth above, the Court will grant Plaintiff's application to proceed in forma pauperis, dismiss the federal claims raised in the Complaint without prejudice to the

filing of an amended complaint, and decline to exercise

supplemental jurisdiction over claims arising under state law.

                              /s/ NOEL L. HILLMAN
                              **NOEL L. HILLMAN, U.S.D.J.**

Dated:   JANUARY 7   , 2011

At Camden, New Jersey